LH

1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT

7                FOR THE DISTRICT OF ARIZONA

8

9   Anthony Harris,                    )    No. 04-1568-PHX-EHC (DKD)
                                        )
10              Petitioner,             )    **ORDER**
                                        )
11  vs.                                 )
                                        )
12                                      )
    Ivan Bartos,                        )
13                                      )
               Respondent.              )
14                                      )
                                        )
15  _____   )

16         Petitioner Anthony Harris, presently confined in the Arizona State Prison Complex

17  in Yuma, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28

18  U.S.C. § 2254.  The Court will order an answer.

19  **A.     Motion to Proceed *In Forma Pauperis*.**

20         Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust

21  balance is less than $25.00.  Accordingly, the Application to Proceed *In Forma Pauperis*

22  (Doc. #1) will be granted.

23  **B.     Procedural History.**

24         On August 28, 1998, in Maricopa County Superior Court, matter CR-97-08191,

25  Petitioner was convicted of two counts of forgery and one count of possession of a forgery

26  device.  He was sentenced to twelve years on each of the forgery convictions and six years

27

28

TERMPSREF

3

1  for the possession of a forgery device conviction. His state court appeals and post-conviction

2  relief proceedings were unsuccessful.

3       In the present habeas action, he presents five grounds for relief. Each of the first four

4  grounds combines a claim of ineffective assistance of trial counsel with a claim that the

5  prosecution committed misconduct by introducing false evidence or suppressing exculpatory

6  evidence. The fifth ground for relief contends that appellate counsel was ineffective by

7  failing to withdraw and refusing to raise issues requested by Petitioner.

8  **C.**     **Exhaustion and Procedural Bar.**

9       Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust

10  remedies available in the state courts. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526

11  U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Olvera v. Guirbino, 371

12  F.3d 569, 572 (9th Cir. 2004). To exhaust claims, a petitioner must describe both the

13  operative facts and the federal legal theory so that the state courts have a "fair opportunity"

14  to apply controlling legal principles to the facts bearing upon his constitutional claim." Kelly

15  v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). In cases not carrying a life sentence or death

16  penalty, claims are exhausted once the Arizona Court of Appeals has ruled on them. See

17  Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999), cert. denied, 529 U.S. 1124 (2000).

18       Exhaustion refers only to state remedies that are available at the time of the federal

19  petition; if the petitioner failed to pursue state court remedies and can no longer raise them

20  through any state mechanism, the claims are considered exhausted. Franklin v. Johnson, 290

21  F.3d 1223, 1231 (9th Cir. 2002). When further review of the claims is precluded in state

22  court, the claims are considered to be "procedurally barred" and do not require dismissal by

23  the federal court. Id. at 1230-31 (explaining difference between exhaustion and procedural

24  bar).

25       Petitioner claims that he sought to raise each of his issues in the Arizona Court of

26  Appeals, which directed him to raise them in a post-conviction proceedings pursuant to Rule

27  32 of the Arizona Rules of Criminal Procedure. According to Petitioner, when he attempted

28

TERMPSREF

to do so, he was precluded.  Petitioner does not identify the reason for the preclusion. Consequently, it is not clear whether the grounds were fairly presented and thus exhausted, or whether there was a procedural bar to review of his claims in the Rule 32 proceedings. Regardless, further state court review of his claims does not appear to be presently available. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether claims were procedurally barred).  An answer is therefore required.  28 U.S.C. § 2254(a).

**IT IS THEREFORE ORDERED:**

(1)  That Petitioner's Application to Proceed *In Forma Pauperis* (Doc. #1) is granted;

(2)  That a copy of the Petition and this Order be served by the Clerk of Court upon the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases;

(3)  That Respondent answer the Petition within 40 days of the date of service. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.  If the Petition was filed after the expiration of the 1-year period of limitation as defined in 28 U.S.C. § 2244(d), the answer may be limited solely to that issue and, if limited to that issue, only those portions of the record relevant to the limitations issue shall be attached to the answer.  If the timeliness of the Petition is not in question, the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases;

(4)  That Petitioner shall serve upon Respondent, or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. Petitioner shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Respondent or the counsel.  Any paper received

TERMPSREF

1   by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the

2   Court may be disregarded by the Court;

3       (5)  That at all times during the pendency of this action, Petitioner shall immediately

4   advise the Court of any change of address and its effective date.  Such notice shall be

5   captioned "NOTICE OF CHANGE OF ADDRESS."   The notice shall contain only

6   information pertaining to the change of address and its effective date.  The notice shall not

7   include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF

8   ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to

9   Federal Rule of Civil Procedure 41(b);

10      (6)  That aside from the two copies of the petition or amended petition that must be

11  submitted pursuant to Local Rule 3.2(a), a clear, legible copy of every pleading or other

12  document filed shall accompany each original pleading or other document filed with the

13  Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See

14  Local Rule of Practice 1.9(f).  Failure to comply with this requirement may result in the

15  pleading or document being stricken without further notice to Petitioner; and

16      (7)  That this matter is referred to Magistrate Judge David K. Duncan pursuant to

17  Local Rules 1.16 and 1.17 for further proceedings and a report and recommendation.

19      DATED this _____ *10* _____ day of _____ *August* _____, 2004.

                                   Earl H. Carroll
                            United States District Judge