FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 13 2004

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Harris,<br><br>    Petitioner,<br><br>vs.<br><br>Ivan Bartos, et al.,<br><br>    Respondents. | No. CIV 04-1568-PHX-EHC (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE EARL H. CARROLL, U.S. DISTRICT JUDGE:

    Anthony Harris filed a petition for writ of habeas corpus on July 20, 2004 (Doc. #1), challenging his convictions in Maricopa County Superior Court on two counts of forgery and one count of possession of a forgery device, and the court's imposition of concurrent prison terms, the longest being 12 years. Respondents contend that the petition is time-barred. The Court agrees, and recommends that the petition be denied and dismissed with prejudice.

    Harris filed a notice of post-conviction relief on August 19, 1999 (Doc. #9, Exh E). The court of appeals affirmed Harris' convictions and sentences on September 2, 1999 (Doc. #1, Exh 1). On July 24, 2000, Harris filed a petition for post-conviction relief (Doc. #9, Exh F). The trial court dismissed his petition on February 21, 2001 (Doc. #1, Exh 2); on April 24, 2001, the trial court denied his motion for reconsideration (Doc. #9, Exh G, H). After numerous extensions, Harris filed a petition for review on May 22, 2002, which was denied on June 26, 2003 (Doc. #1, Exh 3, #10, Exh 1, ). Harris filed his federal petition on July 20, 2004.

Harris was required to file his federal petition within one year of the later of two occurrences: (1) the date on which the judgment became final by the conclusion of direct review; or (2) the expiration of time available to seek direct review of the judgment. *See* 28 U.S.C. § 2244(d)(1)(A). Harris' conviction became final on December 1, 1999, the deadline for filing a petition for review, *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cor. 1999), making his federal petition due on December 2, 2000. However, the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward any limitations period. *See* 28 U.S.C. § 2244(d)(2). Harris' notice of post-conviction relief filed on August 19, 1999 tolled the limitations period until June 26, 2003, when the court of appeals denied review of his petition for review. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Absent any further tolling, Harris then had until June 27, 2004 to file his federal petition. His petition was filed on July 20, 2004, 23 days after the June 27, 2004 deadline.[1] He has not shown any extraordinary circumstances beyond his control which made it impossible for him to timely file. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

Citing *Bowen v. Roe,* Harris argues in his reply that § 2244(d)(2) tolls the statute of limitations for the 30-day period during which a he could have filed a "petition for writ of certiorari to the *Arizona* Supreme Court," following the court of appeals' denial of his petition for post-conviction relief. However, the time limit during which he may file a petition for review with the Arizona Supreme Court does not toll the 1-year limitations period under the AEDPA. Under § 2244(d)(2), the statute is tolled only for the time during which a properly filed application for post-conviction relief is "pending" within the meaning of that subsection. It does not include the "time available for seeking such review," additional language included *only* in § 2244(d)(1)(A), relied on in *Bowen v. Roe*, and limited to *direct review* of state court convictions. *See White v. Klitzkie*, 281 F.3d 920, 924 (9th Cir. 2002).

---

[1]The State's Answer sets forth the same deadline but erroneously states that the petition was filed "389 days after the limitations period expired." Answer at p. 5.

**IT IS THEREFORE RECOMMENDED** that Anthony Harris' petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 10 day of Dec., 2004.

David K. Duncan
United States Magistrate Judge